IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN WADE JOHNSON, | § | |
|     TDCJ-CID NO. 660513, | § | |
|         Plaintiff, | § | |
| v. | § | CIVIL ACTION H-05-3705 |
| | § | |
| TEXAS BOARD OF CRIMINAL JUSTICE, | § | |
| *et al.*, | § | |
|         Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Alan Wade Johnson, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding *pro se* but not *in forma pauperis*, filed a complaint alleging violations of his and other inmates' civil rights under 42 U.S.C. § 1983. He seeks class action certification, declaratory and injunctive relief, and punitive damages. (Docket Entry No.1). Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No.24). Plaintiff has filed a Memorandum in Opposition to Defendants' Motion to Dismiss for Failure to State a Claim. (Docket Entry No.25).

Having reviewed the complaint and the parties' pleadings, the Court will grant defendants' motion to dismiss and deny plaintiff relief.

I. CLAIMS

Plaintiff alleges the following claims in the pending complaint:

1. The TDCJ-CID telephone usage policy found in Administrative Directive 03.90

    a. creates an unusually harsh and punitive environment that is atypical and significant to ordinary incidents of prison life because it violates his and other inmates' liberty interest in familial relationships;

      b.      is facially and as applied, overly broad, arbitrary, and vague, and it usurps his and other inmates' communication with family, friends, legal counsel, legal organizations, religious counselors, and ministers without a penological purpose because it restricts him to one five-minute collect telephone calls every ninety days, limited to ten individuals listed on his prison visitation list; and,

      c.      constitutes cruel and unusual punishment.

2.    Plaintiff complains that TDCJ-CID Administrative Directive 03.72 and Access to Courts Directive 03.81.040, which establish the legal, personal, and state-issued property an inmate is authorized to possess in prison, are facially, and as applied, overly broad, arbitrary, capricious, and vague. He claims the directives explicitly and implicitly subject him to punishment and chill his access to court. Plaintiff complains the directives punish him by forcing him to choose between legal or religious activities or having 1.75 to 2.0 cubic feet of allotted personal storage space. Plaintiff also complains that these policies do not provide for additional storage for property that is religious in nature event though they allow additional storage for legal materials.

3.    Plaintiff further complains that the religious material storage restriction violates the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (RLUIPA).

4.    Plaintiff also complains that defendants have violated state law and customary international law.

(Docket Entry No.1).

Defendants move to dismiss plaintiff's complaint on the ground that plaintiff's pleadings do not state a claim that can overcome their entitlement to qualified and Eleventh Amendment immunity. (Docket Entry No.24).

II. CLASS ACTION CERTIFICATION

For the reasons stated in its Order of April 7, 2006, denying plaintiff's motion for class action certification (Docket Entry No.16), plaintiff's request for class certification (Docket Entry No.1) is DENIED. Likewise, plaintiff's motions for reconsideration for class action certification (Docket Entries No.23, No.27) are DENIED.

III. INTERVENOR

Putative intervenor Floyd Tarvin's objection to and appeal of the Magistrate Judge's denial of his motion to intervene (Docket Entry No.18) is DENIED. Because he lacks standing, Tarvin's motion for a permanent injunction (Docket Entry No.32) is also DENIED.

IV. SUBSTITUTION OF PARTIES

Plaintiff's Motion to Substitute Parties (Docket Entry No.28) is GRANTED. Substitution of a party is permitted under the Federal Rules of Civil Procedure when a public officer is a party to an action in his official capacity and during its pendency resigns, or otherwise ceases to hold office. FED. R. CIV. PROC. 25(d). Accordingly, Nathaniel Quarterman is substituted for Douglas Dretke, in his official capacity as Division Director of the TDCJ-CID, and Robert Treon is substituted for Rick Thaler, in his official capacity as Region I Director of the TDCJ-CID. Defendants Dretke and Thaler remain parties to the action in their individual capacities.

V. MONETARY DAMAGES

To the extent that plaintiff seeks compensatory damages for the violation of his constitutional rights, he fails to show the requisite physical injury. *See Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). His request for declaratory and injunctive relief, however, are not precluded by the physical injury requirement. *See Harper v. Showers*, 174 F.3d, 716, 719 (5th Cir. 1999).

To the extent that plaintiff seeks punitive damages premised on mental or emotional distress, he fails to allege facts showing that defendants' conduct was so egregious or reprehensible as to warrant punitive damages. *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 419

(2003); *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003) (noting that "punitive damages may be awarded only when the defendant's conduct 'is motivated by evil intent *or* demonstrates reckless or callous indifference to a person's constitutional rights. . . . The latter standard requires recklessness in its subjective form, *i.e.* a 'subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations'").

VI. MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A court considers two primary principles in determining whether to grant a dismissal under Rule 12(b)(6). First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *See Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.,* 30 F.3d 627, 629 (5th Cir. 1994). Conclusory allegations and unwarranted factual deductions will not suffice to prevent a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 379 (5th Cir. 2003). In considering a motion to dismiss, "the Court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *Id.*

A. Eleventh Amendment Immunity

Suits for damages against the state are barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985). Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another

state. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993). This bar remains in effect when state officials are sued for damages in their official capacity. *Cory v. White,* 457 U.S. 85, 89 (1982). To the extent plaintiff sues all defendants for damages in their official capacities, those claims are barred by the Eleventh Amendment.

B. Personal Involvement

Defendants move for dismissal of plaintiff's complaint on the ground that plaintiff has failed to allege facts that would show their personal involvement in the alleged constitutional violations. (Docket Entry No.24).

Section 1983 will not support a claim based on *respondeat superior* or vicarious liability. *Pierce v. Texas Dept. of Criminal Justice-Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983). Each defendant must either actively participate in the acts complained of or implement unconstitutional policies that result in injury. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992). "Supervisory liability may additionally exist 'without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.'" *Cozzo v. Tangipahoa Parish Council--President Government*, 279 F.3d 273, 289 (5th Cir. 2002) (quoting *Thompkins v. Belt*, 828 F.2d 298 304 (5th Cir. 1987) (internal quotations and citations omitted)).

In this case, plaintiff states no facts that would show that defendants actively participated in

the acts complained of or that they actually implemented the unconstitutional policies.

Assuming that plaintiff's unsupported allegations that defendants were involved in the implementation of the Administrative Directives are true, plaintiff's pleadings fail to state a constitutional violation and therefore, fail to overcome defendants' defense of qualified immunity, for the reasons to follow.

C. Qualified Immunity

Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Whether a defendant asserting qualified immunity may be personally liable turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1272 (5th Cir. 1992).

The analytical structure for addressing a claim of qualified immunity is two-fold. *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). A trial court must first determine whether the facts alleged, taken in the light most favorable to the party asserting the injury, show the defendants' conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.

The Court takes judicial notice of the complaint and the Memorandum Opinion and Order on Dismissal in *Tarvin v. Livingston*, Civil Action No.4:06cv2546 (S.D. Tex. Oct. 16, 2006). With the exception of plaintiff Floyd P. Tarvin, the parties and the issues in Civil Action No.4:06cv2546

are identical to those in the pending complaint. The Court addressed the merits of each claim in Civil Action No.4:06cv2546, found no constitutional violation, and dismissed the lawsuit as frivolous and for failure to state a claim. *Id.* Because the complaint in Civil Action No.4:06cv2546, with the noted exception, is identical to the pending complaint and because the pending complaint presents no special circumstances unique to plaintiff, the Court adopts the reasoning and disposition of each claim in Civil Action No.4:06cv2546 and applies the same to each claim in the pending complaint. Therefore, for the reasons stated in the Memorandum Opinion and Order on Dismissal in Civil Action No.4:06cv2546, the Court finds that plaintiff's claims in the pending complaint are legally frivolous and fail to state a claim upon which relief may be granted.

Accordingly, defendants' motion to dismiss (Docket Entry No.24) is GRANTED.

## VII. EQUITABLE RELIEF

To assert a claim for a declaratory judgment, one must prove the existence of a viable case or controversy. *Hainze v. Richards*, 207 F.3d 795, 802 (5th Cir. 2000). Because plaintiff has not shown the existence of a viable case or controversy, he lacks standing to request declaratory relief from this Court.

To the extent that plaintiff requests injunctive relief to correct a past violation, he fails to show his entitlement to such relief. For an injunction to issue based on a past violation, plaintiff must establish there is "a real or immediate threat that he will be wronged again." *Id.* Plaintiff has not shown that he has suffered any constitutional loss; therefore, his claims for equitable relief are DENIED. (Docket Entries No.1, No.30, No.32).

## VIII. CONCLUSION

The Court finds no violation of plaintiff's constitutional rights under these facts.

Accordingly, the Court ORDERS the following:

1. Defendants' motion to dismiss (Docket Entry No.24) is GRANTED.

2. All claims against all defendants are DISMISSED. Plaintiff's complaint is DISMISSED with prejudice.

3. Plaintiff's motion to substitute parties (Docket Entry No.28) is GRANTED.

4. All other pending motions are DENIED.

The Clerk will provide copies to the parties.

IT IS SO ORDERED.

SIGNED at Houston, Texas, on this 14th day of February, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE